IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

|  |  |  |
|---|---|---|
| ROSIE MAE CHATT, ET AL., | * | |
| Plaintiffs, | * | |
| VS. | * | NO: 3:08CV0096 SWW |
| CITY OF WEST MEMPHIS, ET AL., | * | |
| Defendants. | * | |

## Order

Before the Court is a motion for reconsideration and amendment of order filed by separate defendant Crittenden County, Arkansas ("County"). Plaintiffs responded by letter and attachments received by the Court on July 13, 2009.[1] For the reasons stated below, the Court grants the motion in part.

Plaintiffs filed a complaint on July 2, 2008, alleging, *inter alia*, that the County violated their constitutional rights by failing to provide their decedent with appropriate medical care, thereby causing his death. The County filed a motion for summary judgment on May 19, 2009. Ten days later, plaintiffs filed a motion for voluntary dismissal. The Court granted the motion on June 8, 2009, dismissing the case without prejudice. On June 22, 2009, the County filed the motion now before the Court, asking the Court to amend its Order and dismiss the claims against the County with prejudice.

"[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in

---

[1] The Court directed the Clerk to file the submission as a response to the County's motion for reconsideration.

the order, a dismissal under this paragraph is without prejudice." Fed.R.Civ.P. 41(a)(2). "Motions to dismiss are addressed to the sound discretion of the district courts." *Kern v. TXO Prod. Corp.,* 738 F.2d 968, 970 (8th Cir. 1984). When deciding whether to grant a voluntary dismissal, the following factors are considered: (1) the defendant's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that a summary judgment motion has been filed by the defendant. *Paulucci v. City of Duluth,* 826 F.2d 780, 783 (8th Cir. 1987). The County asserts it has expended time and effort prepare this case for summary judgment and for trial. It says it is entitled to judgment as a matter of law because the County's statement of facts are deemed admitted by plaintiffs' failure to respond to its motion for summary judgment. The County complains plaintiffs have done little to prosecute their case, including not even serving some of the defendants in the case, and offered no valid explanation for their need for a non-suit.

Originally, plaintiffs were represented by two attorneys. On May 12, 2009, the Court granted one attorney's motion to withdraw. Along with their *pro se* motion for voluntary dismissal, plaintiffs filed a motion to dismiss their remaining attorney, complaining about his failure to prosecute the case on their behalf. Upon review of the allegations contained in the motion to dismiss counsel as well as their response, the Court finds plaintiffs' request for dismissal is based on the inattention and/or incompetence of their remaining counsel.

The Court finds the County's motion for reconsideration has merit and that the County's interests can be protected by imposing conditions on plaintiffs. The Court hereby amends the Order dated June 8, 2009, to state that the complaint is dismissed without prejudice subject to the following condition: If the plaintiffs re-file this action against the County, the Court will set a

date by which they must file a response to the County's motion for summary judgment. No other activity in the re-filed case regarding the County will proceed until the Court rules on the County's motion.

      The Clerk is directed to send plaintiffs a copy of this Order at 220 South 16th Street, West Memphis, Arkansas 72301.

      SO ORDERED this 17th day of July, 2009.

                                        <u>/s/Susan Webber Wright</u>

                                        UNITED STATES DISTRICT JUDGE